(No. 90-CV-0555-)

*In re* APPLICATION OF JUNE CAVANAUGH

*Order filed February 22, 1990.*

*Opinion filed December 2, 1991.*

JUNE CAVANAUGH, *pro se*, and CHARLES A. MARSHALL, JR., for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, J.

This claim arises out of an incident that occurred on September 26, 1989. June Cavanaugh, mother of the minor victim, Nathan Whitman, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1987, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on October 25, 1989, on the form

prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 26, 1989, the victim was injured while riding his bicycle. The incident occurred near Kasey Meadows Park, Hickory Hills, Illinois. The victim related to investigating police officers that he was riding his bicycle when he observed a bright flash. The next thing that he recalled was waking up in an ambulance. The Hickory Hills Police Department was unable to discover any evidence to determine whether the victim sustained his injuries as a result of an accident or an intentional act.

2. That in order for a claimant to be eligible for compensation under the Act, there must be evidence that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

3. That the Hickory Hills Police Department was unable to determine that the injuries sustained by the victim were the result of an accident or a crime of violence perpetrated against him. Therefore, there is no proof that one of the violent crimes specifically set forth under section 72(c) of the Act occurred.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## OPINION

SOMMER, J.

On February 22, 1990, this Court entered an order

denying this claim. The order included a finding that there was not proof of a violent crime as defined by the Crime Victims Compensation Act. The Claimant timely filed a request to review the order.

A hearing was conducted on this matter on June 27, 1990. The Claimant was represented by Mr. Charles A. Marshall, Jr. Mrs. June Cavanaugh, the mother of Nathan Whitman, the minor victim, was the only witness.

The Claimant presented a variety of documents at the hearing, including a photograph of the minor victim after the injury, a report by the Alliance For Cult Awareness Research and Education (AFCARE), a March 22, 1990, letter signed by Dr. Nicholas Stamat of the Meyer Medical Group, and a letter signed by Lawrence Nikodem of the Partners in Psychiatry.

A week before the incident, the victim had told the Claimant that he witnessed a ritualistic sacrifice of an animal by a group of 15- and 16-year-old children. The group told the victim that they were going to summon the demon on Thursday of the following week at 8:00 p.m. The circumstances of this occurrence were such that the Claimant reported it to the police. An affidavit was produced from the dispatcher for the Hickory Hills Police Department. The dispatcher, Natalie Miller, states that she received the telephone call from the Claimant on September 19, 1989.

The following Thursday, September 28, 1989, the victim left his home at 7:15 p.m. on his bicycle. The Claimant received a telephone call from a person at 8:10 p.m. stating that her son had been found injured at Kasey Meadows Park.

The Claimant made the following observations about her son's injuries and the condition of his bicycle. His injuries were not like he had fallen off a bike. His clothes were covered with blood in the front. There was a big grass stain on the back of his jacket. There were no rips, tears or grass stains on his pants. There were no injuries to his hands. There was no damage to the bicycle.

Additionally, the Claimant testified that the injuries were limited to the victim's face and it looked like his chin was gone. The nerves in his chin were severed. His top lip was severed and hanging down. His nose was crooked. He had a triangle on his forehead and it was swelling and bleeding. He was conscious, but could not remember what happened to him. Later he told his mother that he recalled seeing a bright flash. The victim is not able to go out of the house alone and is terrified of men.

The Attorney General did not object to any of the testimony or other exhibits offered.

The Hickory Hills Police Department conducted an investigation. The Department concluded that it was unknown whether the injuries were the result of an accident or were intentional.

Dr. Nicholas S. Stamat, M.D., states in his March 22, 1990, letter that his

"impression was that these injuries were not acquired as a result of falling from a bicycle but seemed to be more consistent with receiving multiple blows to the face with a blunt object."

Dr. Stamat saw the victim at the hospital on the date of the incident. His letter briefly describes the injuries. Mr. Steven M. Slawkin, the clinical chairperson of AFCARE, states in his letter he "believes that the victim was assaulted by unknown assailants * * *."

Lawrence R. Nikodem states that the victim is suffering from post-traumatic stress disorder and an adjustment reaction from the night he sustained his injuries. He believes the victim was injured by some kind of traumatic assault.

This case presents a difficult issue for the Court to resolve because there are no witnesses to the incident. Section 9.1 of the Crime Victims Compensation Act directs the Court to consider the facts stated in the application and other material and information. The Court need not consider whether or not the alleged assailant has been apprehended.

This Court finds that Nathan Whitman is a victim as defined by section 2(c) of the Act. It is reasonable to deduce, based upon the opinion of Dr. Stamat and the other information presented by the Claimant, that the victim's injuries were caused by an assault and battery as defined in article 12 of the Criminal Code of 1961.

The record indicates that the Claimant incurred medical and hospital expenses totalling $5,404.00 as a result of the injuries. The specific expenses detailed in the March 25, 1991, affidavit together with exhibits, none of which were paid by insurance or third parties, are as follows:

| | | |
|---|---|---|
| a. | Palos Community Hospital Emergency Room | $ 90.00 |
| b. | Radiology Nuclear Consultants, Inc. | 67.00 |
| c. | Radiology Nuclear Consultants, Inc. | 33.00 |
| d. | Palos Community Hospital | 2,949.00 |
| e. | Jerry Chow, M.D. | 1,900.00 |
| f. | Neuropsychiatric Institute, Inc. | 125.00 |
| g. | Advanced Psychiatric Therapies | 50.00 |
| h. | Partners in Psychiatry | 190.00 |
| | Total | $5,404.00 |

The Court finds that the victim is eligible for compensation and that the sums listed above be paid jointly to the Claimant and medical providers listed.